UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ABDUL W. AZIMI,<br>            Plaintiff<br><br>v.<br><br>JORDAN'S MEATS, INC.,<br>            Defendant | Civil No. 03-268-P-C |

Gene Carter, Senior District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL ON DAMAGES**

Now before the Court is Plaintiff's Motion for a New Trial on Damages made on seven separate grounds (Docket Item No. 86). Specifically, Plaintiff moves for a new trial on the following grounds:

> 1. The jury verdict on damages was based upon a verdict form which was improper as a matter of law and affected the substantial rights of the Plaintiff.
>
> 2. The jury instructions and verdict form violate the clear and controlling law of *Harris v. Forklift Systems, Inc*., 510 U.S. 17 (1993).
>
> 3. The final verdict form violated the Rules and substantially affected Plaintiff's right to a fair trial.
>
> 4. The jury verdict on damages is against the weight of the evidence.
>
> 5. The admission of Defendant's exhibits prejudiced Plaintiff on the issue of damages warranting a new trial on damages.
>
> 6. The Court committed plain error in effectively failing to submit the issue of punitive damages to the jury, regardless of the jury's negative response to question numbered 3 on the Special Verdict Form.

> 7. The Court erred in taking Plaintiff's claim of discriminatory and retaliatory discharge from the jury.

The Court will address each issue in turn.

With respect to the first two items, Plaintiff argues that question 3 on the Special Verdict Form impermissibly imposed a burden of proof not required by the law.  Indeed, Plaintiff seems to argue that question 3 was wholly unnecessary.  Question 3 on the Special Verdict Form states:

> Has Plaintiff, Abdul Azimi, proven by a preponderance of evidence that Defendant Jordan's Meats, Inc.'s unlawful harassment legally caused Plaintiff to be damaged by emotional distress, pain, suffering, emotional anguish, loss of enjoyment of life and/or inconvenience?

The Court has reviewed the Special Verdict Form in its entirety and concludes that the causation inquiry in question 3 is necessary in order for the jury to reach question 4 to determine what amount of damages should be awarded to Plaintiff.  Causation of damages cannot be assumed by the finding of liability or a violation of the statutory provision.  Along these same lines, Plaintiff also complains that the jury instructions and the verdict form violate the law as established in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).  First, the Court notes that Plaintiff never objected during trial to the instructions on causation and damages.  *See* Transcript of April 25, 2005, sidebar conference after jury charged (Docket Item No. 92).  Moreover, the Court finds that its instructions on these points are in accordance with the law.

Plaintiff next contends that the final verdict form was not presented to counsel until after the conclusion of closing arguments and, thus, violated Fed. R. Civ. P. 51(b)(1) and substantially affected Plaintiff's right to a fair trial.  Specifically, Plaintiff contends that after the charge conference the Court inserted the standard of proof "by a preponderance of evidence" in question 3 – causation of compensatory damages, and question 5 – entitlement to punitive damages.

Assuming the Court did insert the phrase "by a preponderance of evidence" into these two questions after the charge conference and without discussing this change with counsel, such action does not violate Rule 51(b)(1) and certainly did not affect Plaintiff's right to a fair trial. Repetition of the appropriate standard of proof in a question on the Special Verdict Form is not erroneous. Moreover, the Court notes that although Plaintiff made some objections to the charge at sidebar after the Court had instructed the jury, Plaintiff made no objection to anything on the verdict form. *See* Transcript of April 25, 2005 sidebar conference after jury charged (Docket Item No. 92) at 7. Accordingly, the Court concludes that the alleged changes to the Special Verdict Form do not constitute error and certainly do not meet the plain error test articulated in *United States v. Olano*, 507 U.S. 725 (1993).

The Court has given serious consideration to the next issue raised by Plaintiff – that the jury verdict on damages is against the weight of the evidence. The Court concludes, however, that the jury's conclusion was reasonable in light of all the evidence presented at trial.

Next, Plaintiff argues that the admission of some of Defendant's exhibits prejudiced Plaintiff on the issue of damages. Specifically, Plaintiff points to the admission of exhibits 4, 11, 12, 31, 32, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 57F as supporting his claim for a new trial on damages. The Court has reviewed these exhibits as well as its trial notes relating to the objections made to their admission and concludes that each was properly admitted for the reasons stated on the record at trial. In addition, the Court notes that with respect some of the exhibits now claimed to be unfairly prejudicial, Plaintiff either did not object to the admission at trial (exhibit 31), the exhibit was never admitted (exhibit 32), or Plaintiff himself moved for the exhibit's admission (exhibit 36).

Plaintiff also contends that the Court committed plain error by failing to submit the issue

of punitive damages to the jury. The direction on the Special Verdict Form following question 3 states: "If you answered Question 3 'YES,' then answer Question 4. If you answered Question 3 'NO,' then answer no further questions." The punitive damages question should have been able to be reached by the jury, Plaintiff argues, despite the negative answer to question 3 on the Special Verdict Form.

The jury awarded Plaintiff no compensatory damages and Plaintiff never requested that the jury be instructed on the issue of nominal damages. Moreover, Plaintiff has never requested an award of nominal damages based on the jury's liability verdict. Absent such a timely request, the Court will not now order an award of nominal damages. *See Kerr-Selgas v. American Airlines, Inc.*, 69 F.3d at 1215. The law of the First Circuit is that in a Title VII and in a § 1981 case, punitive damages cannot be awarded in the absence of compensatory or nominal damages. *Id.* at 1214-15; *Rodriguez-Torres v. Caribbean Forms Manuf., Inc.*, 399 F.3d 52, 65 n.12 (1st Cir. 2005)(citing *Kerr-Selgas*); *see also Provencher v. CVS Pharmacy*, 145 F.3d 5 (1st Cir. 1998)(distinguishing *Kerr-Selgas* based on critical fact of the award of back pay and affirming jury award of punitive damages in light of court's back pay award). Therefore, the directions following question 3 on the Special Verdict Form are correct.

Finally, Plaintiff contends that the Court erred in taking his claims of discriminatory and retaliatory discharge out of the case on summary judgment. The argument on this point repeats Plaintiff's unsuccessful opposition to Defendant's Motion for Summary Judgment. It is, therefore, not a proper basis for a new trial on damages.

Accordingly, for the reasons discussed above, the Court **ORDERS** that Plaintiff's Motion for a New Trial on Damages be, and it is hereby, **DENIED.**

/s/ Gene Carter
Gene Carter
District Judge

Dated at Portland, Maine this 13th day of July, 2005.